IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cr-00062-JRH |
| | ) | |
| DAVID REIP, | ) | |
| Defendant. | ) | |

## DEFENDANT DAVID REIP'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

Defendant David Reip, through undersigned counsel, moves this Court under Federal Rule of Criminal Procedure 24(b) to allow additional peremptory challenges during jury selection in this case. Reip requests an increase above the ten challenges ordinarily available to defendants jointly in a noncapital felony trial, with the number of additional challenges and the manner of their exercise left to the Court's sound discretion. In support, Reip states as follows.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 4, 2025, a federal grand jury returned a twenty-six-count Indictment against Reip and seven other defendants. Doc. 3. Reip is charged with conspiracy to commit bank fraud in Count One and substantive bank fraud, including aiding and abetting, in Counts Two and Three. Doc. 3 ¶¶ 32–33, 115–130, at 7, 19–22.

The Indictment also charges a conspiracy to commit wire fraud involving VA education benefits in Count Four, substantive wire fraud in Counts Five through Twenty-Three, and aiding and assisting in the filing of false tax returns in Counts Twenty-Four through Twenty-Six. Reip is not charged in any of those counts. Doc. 3 ¶¶ 156, 181, 183, 185, 187, at 28, 33–37.

## LEGAL ARGUMENT

Rule 24(b)(2) ordinarily affords the Government six peremptory challenges and the defendant or defendants jointly ten peremptory challenges in a noncapital felony case. The ten defense challenges are a collective allotment; they are not ten challenges for each defendant. Rule 24(b), however, expressly provides: "The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly."

This case warrants the exercise of that discretion. Eight defendants must select a single jury to decide different combinations of charges involving alleged bank fraud, VA education-benefits fraud, and false tax returns. A single pool of ten defense challenges must otherwise accommodate the distinct jury-selection concerns of all eight defendants.

For Reip, the jury will decide whether the Government has proved his alleged participation in the bank-fraud conspiracy and substantive bank offenses. The same jury will hear allegations concerning veterans' education benefits and tax returns in counts that do not charge him. The Indictment also contains extensive allegations about the religious organization with which the defendants were associated. Doc. 3 ¶¶ 12–31, at 3–6. Prospective jurors' responses concerning financial transactions, religious organizations, military benefits, and the ability to assess each defendant separately may carry different significance for Reip than for a defendant facing the VA or tax charges.

Those differences do not require disagreement among the defendants for additional challenges to be useful. Even with cooperative jury selection, a prospective juror may raise a concern for one defendant that does not carry the same weight for the others. Additional peremptory challenges would give the defense a greater opportunity to address those individualized concerns while selecting one impartial jury for the joint trial.

Reip seeks a discretionary allowance suited to this case. The requested challenges would supplement the Court's voir dire and consideration of challenges for cause. The request concerns the regular jury; the challenges provided for selecting alternate jurors remain governed separately by Rule 24(c)(4).

**CONCLUSION**

For these reasons, Reip respectfully requests that the Court grant additional peremptory challenges beyond the ten ordinarily allotted to the defendants jointly. As permitted by Rule 24(b), the Court may allow the additional challenges to be exercised separately or jointly. Reip leaves the number and allocation of those challenges to the Court's sound discretion and requests that the Court establish the allocation before the parties begin exercising peremptory challenges.

Respectfully submitted this 29th day of September, 2026.

/s/ *Charles Hackney Rollins*
Charles Hackney Rollins
Georgia Bar No. 367169

CHARLES ROLLINS, PC
1450 Green Street, Suite 3600
Augusta, Georgia 30901
Telephone: (706) 814-2361
Email: charles@rollinspc.org
Counsel for Defendant David Reip

## CERTIFICATE OF SERVICE

I certify that on the 29th day of September, 2026, I electronically filed the foregoing Defendant David Reip's Motion for Additional Peremptory Challenges with the Clerk of Court through CM/ECF, which provides electronic notice to counsel of record registered to receive such notice.

/s/ *Charles Hackney Rollins*

Charles Hackney Rollins